UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARY L. GOLDEN, )
 )
    Plaintiff, )
 )
 )
v. ) No. 3:14-CV-492-PLR-HBG
 )
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
    Defendant. )

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Judgment of the Pleadings and Memorandum in Support [Docs. 12 & 13] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15]. Mary L. Golden ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On May 1, 2013, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began July 1, 2011. [Tr. 205]. After her application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr. 125]. On June 18, 2014, a hearing was held before an ALJ to review determination of the Plaintiff's claim. [Tr. 58-85]. On July 14, 2014, the ALJ found that the Plaintiff was not disabled. [Tr. 36-50]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-3]; thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted her administrative remedies, the Plaintiff filed a Complaint with this Court on October 17, 2014, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## I. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since July 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus; migraine headaches; hypertension; mild degenerative disc disease; mild degenerative changes of right shoulder; post-traumatic stress disorder; major depression; and alcohol abuse (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can frequently climb ramps and stairs, balance, stoop, and reach above shoulders with upper extremities bilaterally. She can occasionally climb ladders, ropes, scaffolds, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, extreme heat, and vibration. She can tolerate moderate noise intensity. She is able to perform simple and detailed but not executive tasks; limited to work that requires infrequent changes in the work setting; and limited to work that requires occasional interaction with public, coworkers, and supervisors.
> 6. The claimant is unable to perform any past relevant work (20

2

CFR 404.1565).

7. The claimant was born on October 12, 1957, and was 54 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English. (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2011, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 41-50].

## II.   DISABILITY ELIGIBILITY

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of

4

Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

III.  **STANDARD OF REVIEW**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.

5

1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ erred in two respects. First, the ALJ failed to properly evaluate the Plaintiff's 100% disability rating assessed by the Veteran's Administration ("VA"). [Doc. at 12-14]. Second, the ALJ improperly omitted the opinion of examining psychiatrist Wayne Curfman, M.D. [Id. 13 at 11-12].

The Commissioner responds that the ALJ properly considered the VA's disability rating, but the totality of the evidence failed to establish that the Plaintiff was more limited than opined by the ALJ. [Doc. at 9-11]. The Commissioner also argues that the ALJ considered Dr. Curfman's opinion and that her evaluation of the entire record supports the residual functional capacity ("RFC") reached. [Id. at 4-8].

## V. ANALYSIS

The Court will address the Plaintiff's allegations of error in turn.

### A. VA's Disability Rating

On February 28, 2014, the Plaintiff, who served in the Navy from February 3, 1977 to May 26, 1978, and was previously assigned a disability rating of 70%, was found to be 100% disabled due to service related post-traumatic stress disorder ("PTSD"). [Tr. 169-73]. The VA explained that its decision was based upon an examination conducted by Dr. Curfman on February 6, 2014. [Tr. 170, 467-90].

In the ALJ's decision, the ALJ observed that the Plaintiff was previously assessed a 70% disability rating from the VA for PTSD, and that the rating had increased to 100% in 2014 based upon diagnoses of PTSD, major depressive disorder, and alcohol abuse. [Tr. 47]. The ALJ explained that while the disability rating was another government agency's adjudicative finding based on its rules and was therefore not binding on the Plaintiff's application for social security benefits, the rating must nonetheless be considered in accordance with Social Security Ruling 06-03p and 20 C.F.R. § 404.1512(b)(5). [Id.]. The ALJ continued:

> The undersigned has considered the VA rating. It is noted the rating does not describe the claimant's remaining capacity for performing work-related activities or the method or analysis used to reach the rating. The totality of the evidence, as it relates to the analysis of disability under the Social Security law and regulations, supports the residual functional capacity herein.

[Id.].

The Plaintiff takes issue with the ALJ's finding that the disability rating "does not describe the claimant's remaining capacity for performing work-related activities or the method or analysis used to reach the rating." [Doc. 13 at 13]. The Plaintiff argues that the VA's

7

disability determination was supported by objective medical evidence, including the Plaintiff's treatment history, daily living activities, and mental status examination, all of which are "well-accepted medical practices to establish a claimant's residual functional capacity in Social Security disability cases." [Id.]. The Plaintiff also argues that Dr. Curfman's opinion, which the VA relied upon in assessing the Plaintiff's disability rating, did provide specific work-related limitations such as an inability to tolerate others. [Id. at 13-14].

The Commissioner argues that the ALJ properly considered the VA's disability rating and decision, and in addition to finding that the decision failed to indicate the Plaintiff's remaining capacity for work-related limitations and the method employed for reaching its decision, the ALJ also found that the remaining evidence of record, when considered under social security law and relegations, failed to support a more restrictive RFC than that opined by the ALJ. [Doc. 15 at 10].

While evidence of an impairment may include "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled," 20 C.F.R. § 404.1512(b)(1)(v), these decisions are not determinative of disability, and the ALJ is not bound by them. See McCann v. Califano, 621 F.2d 829, 831 (6th Cir. 1980) (holding that a claimant's award of workmen's compensation benefits was not dispositive to his entitlement of social security benefits). This is because decisions from other agencies are based on that agency's own rules, whereas disability claims filed pursuant to the Social Security Act must be assessed by social security law. 20 C.F.R. § 404.1504; see Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) ("[B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency."). Nonetheless, "[e]vidence of a disability decision by

8

another governmental or nongovernmental agency cannot be ignored and must be considered." Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6.

The Court of Appeals for the Sixth Circuit has held "that a disability rating from the [VA] is entitled to consideration," but it has "not specified the weight such a determination should carry when determining social security disability eligibility." Ritchie v. Comm'r of Soc. Sec., 540 F. App'x. 508, 510 (6th Cir. Oct. 3, 2013) (citing Stewart v. Heckler, 730 F.2d 1065 (6th Cir. 1984)). Instead, the court of appeals has explained that a "disability rating by the Veterans Administration is only one factor to be considered in making a social security disability finding," Ritchie, 540 F. App'x at 511, and that "an ALJ should explain the consideration given to these decisions in the notice of decision." LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 388 (6th Cir. Dec. 13, 2013) (quoting Soc. Sec. Rul. 06–03p 2006 WL 2329939, at *6). Thus, as long as the ALJ considers the disability rating and explains her consideration of the rating, the ALJ has fulfilled her duty.

In this case, although the ALJ considered the VA's disability rating and gave several reasons for discounting the rating, the Court finds that the ALJ's reasons are not supported by substantial evidence. First, the ALJ discounted the rating because it failed to describe the Plaintiff's remaining capacity for work-related limitations. The VA's disability determination explains, however, that the reason it decided to assign a 100% disability rating was because the Plaintiff had total occupational and social impairment, difficulty in adapting to stressful circumstances, inability to establish and maintain effective relationships, difficulty in establishing and maintaining effective work and social relationships, disturbances of motivation and mood, and mild memory loss. [Tr. 170]. The Court finds that these are specific work-related limitations that describe what the 100% disability rating means in functional terms. See

9

Mays v. Comm'r of Soc. Sec., No. 1:14-CV-647, 2015 WL 4755203, at *8 (S.D. Ohio Aug. 11, 2015) adopted by No. 1:14CV647, 2015 WL 5162479 (S.D. Ohio Sept. 3, 2015) (finding that a treating physician's opinion that the claimant had trouble interacting socially, gets anxious around new people, has difficulty working in an environment with the public, and has low motivation , among other things, were work-related limitations contrary to the ALJ's finding that the opinion failed to set forth any functional restrictions). Accordingly, the Court finds these limitations contradict the ALJ's conclusion that the disability rating provided no insight into the Plaintiff's capacity for performing work-related functions.

Second, the Court finds that the record contains the "method or analysis" the VA used in determining that the Plaintiff was 100% disabled. Under "Reasons for Decision," the VA's disability determination states that a VA examination conducted on February 6, 2014, was used to determine that the Plaintiff's service related disability should be increased from 70% to 100%. [Tr. 170]. The February 6, 2014 examination was conducted by Dr. Curfman and included a detailed review of the Plaintiff's military, medical, and mental history, daily activities, and medication. [Tr. 487-90]. In addition, mental status and cognitive examinations were conducted. [Id.]. Based upon Dr. Curfman's review and examination, he diagnosed the Plaintiff with PTSD, chronic, major depressive disorder, recurrent, severe, and alcohol abuse. [Tr. 490]. Dr. Curfman opined that the Plaintiff's PTSD was her primary diagnosis and that since 2011, her mental status had significantly deteriorated, specifically noting, among other things, that the Plaintiff is much more isolated, withdrawn, has cognitive difficulties, significant depression, and an inability to tolerate being around people. [Id.]. The Plaintiff was also assessed a Global Assessment of Functioning score of 45, indicating serious symptoms or serious impairment in social, occupation, or schooling function. [Tr. 170, 490]. Thus, it is apparent to the Court that

the VA relied upon the medical expertise and examination of Dr. Curfman for concluding that the Plaintiff was 100% disabled. Accordingly, the Court likewise finds that the record contradicts the ALJ's conclusion that it was unclear how the VA reached its decision.

Finally, the Court is not persuaded by the Commissioner's argument that the ALJ's reliance on the "totality of the evidence" supports the RFC determination. In <u>Briskey v. Astrue</u>, the district court held that the ALJ's "recitation of the record evidence . . . did not obviate his duty to articulate the weight and supporting reasoning for his decision to reject the VA's determination." No. 1:09-CV-2705, 2011 WL 672553, at *5 (N.D. Ohio Feb. 15, 2011). The court explained that its ruling placed no higher burden on the ALJ than that which is already expected by case law and Social Security Ruling 06-03p:

> When an ALJ is tasked with a duty to consider evidence, it is incumbent upon the ALJ to provide enough information in his decision, to allow the plaintiff and future reviewing courts the ability to conduct a proper review. See <u>Bailey v. Comm'r of Soc. Sec.</u>, 173 F.3d 428, at *4 (6th Cir. 1999) (Table) (citing <u>Hurst v. Sec'y of Health & Human Servs.</u>, 753 F.2d 517, 519 (6th Cir. 1985) ( "[I]t is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review."). When the ALJ fails to adhere to this standard, it is appropriate for the reviewing court to issue a remand.

<u>Id.</u> The Court agrees that in this case, remand is appropriate for the same reasons.

Accordingly, the Court finds the Plaintiff's allegation of error is well-taken. The Court recommends that this case be remanded to the ALJ to reconsider the VA's disability rating, and explain his consideration of the rating consistent with Social Security Ruling 06-03p.

### B.     Wayne Curfman, M.D.

Because the Court recommends that the ALJ reconsider the Plaintiff's disability rating

11

and explain his consideration, the Court finds that the Plaintiff's second allegation of error is not ripe for review. The VA's disability determination relies exclusively upon Dr. Curfman's opinion, thereby necessitating the need to review and evaluate the opinion in order to properly consider the Plaintiff's disability rating. Therefore, the Court need not presently address this issue.

**VI.     CONCLUSION**

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 12**] be **GRANTED IN PART and DENIED IN PART** and the Commissioner's Motion for Summary Judgment [**Doc. 14**] be **DENIED**. Upon remand, the Court RECOMMENDS that the ALJ reconsider the Plaintiff's disability rating from the VA and explain his consideration of the rating consistent with Social Security Ruling 06-03p.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).