UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY L. GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  3:14-CV-492-PLR-HBG |
| | ) |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. 19]. The Plaintiff requests the Court enter an Order awarding fees in the amount of $2,628.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.  BACKGROUND**

The Plaintiff and Commissioner filed competing dispositive motions [Docs. 12 &14] in this case on March 12, 2015 and April 19, 2015, respectively. The undersigned entered a Report and Recommendation [Doc. 16] on November 23, 2015, recommending that the Plaintiff's motion for judgment on the pleadings be granted in part and denied in part, and the Commissioner's motion for summary judgment be denied. Specifically, the undersigned recommended that the case be remanded to the Administrative Law Judge to reconsider the

1

Plaintiff's disability rating from the U.S. Department of Veterans Affair and explain his consideration of the rating consistent with Social Security Ruling 06-03p.  On December 15, 2015, United States District Judge Pamela L. Reeves entered a Memorandum and Opinion [Doc. 17] accepting in whole the Report and Recommendation and contemporaneously entered an Order [Doc. 18] remanding the case back to the Administrative Law Judge for the reasons stated by the undersigned.  Following the District Court's Order, the Plaintiff timely filed the current motion.

II. ANALYSIS

Now before the Court is the Plaintiff's request for attorney's fees under the EAJA.  Four conditions must be met before fees will be awarded under the EAJA:

    1.  Plaintiff must be a prevailing party;

    2.  The Commissioner's position must be without substantial justification;

    3.  No special circumstances warranting denial of fees may exist;

    4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

See 28 U.S.C. § 2412(d)(1).

A. **Plaintiff is the Prevailing Party**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party."  See Melkonyan v. Sullivan, 501 U.S. 89 (1991).   Thus, the Court finds the first condition for granting fees under the EAJA has been met.

### B. The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement the Commissioner's position must be justified, "both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that she does not oppose Plaintiff's request for EAJA fees [Doc. 21], and has thereby conceded that the Commissioner's position in this matter was not substantially justified. Thus, the Court finds that the second condition for granting fees under the EAJA has been met.

### C. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney fees unjust. Therefore, the Court finds that the third condition for granting fees under the EAJA has been met.

### D. The Plaintiff's Request for an Award of Fees is Timely

In the Plaintiff's memorandum in support of her motion for EAJA fees, she requests a total fee amount of $2,628.20[1] [Doc. 20]. This motion included a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to Plaintiff's request for EAJA fees and has conceded that the Plaintiff is entitled to $2,628.20 in attorney's fees and cost. The Court has

---

[1] This amount represents 1.30 attorney hours spent in 2014 at a rate of $179.00 per hour, 9.30 attorney hours spent in 2015 at a rate of $185.00 per hours, 5.5 paralegal hours at a rate of $50.00 per hour, and $400.00 in filing fees.

3

considered the amount requested, and the Court finds that the fee amount is reasonable.

### III.     CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412(d) [**Doc. 19**] be **GRANTED**, and a judgment awarding Plaintiff the requested amount of $2,228.20 in attorney's fees and $400.00 in cost, for a total fee award of $2,628.20, be entered.

                                        Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).